IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| BRIDGE AINA LE'A, LLC, | ) | Civ. No. 11-00414 SOM-KJM |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | ORDER ADDRESSING EVIDENTIARY ISSUES AND SCHEDULING MATTERS |
| STATE OF HAWAII LAND USE COMMISSION; VLADIMIR P. DEVENS, in his individual and official capacity; KYLE CHOCK, in his individual and official capacity; THOMAS CONTRADES, in his individual and official capacity; LISA M. JUDGE, in her individual and official capacity; NORMAND R. LEZY, in his individual and official capacity; NICHOLAS W. TEVES, JR., in his individual and official capacity; RONALD I. HELLER, in his individual and official capacity; DUANE KANUHA, in his official capacity; CHARLES JENCKS, in his official capacity; JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10; DOE ENTITIES 2-10; and DOE GOVERNMENTAL UNITS 1-10, | ) | |
| Defendants. | ) | |

**ORDER ADDRESSING EVIDENTIARY ISSUES AND SCHEDULING MATTERS**

This order addresses four matters.

First, the court now reconsiders its prior ruling denying the State's Motion in Limine No. 8 to Exclude Evidence

and Testimony Concerning Consequential and Contractual Damages. ECF 302. The court grants that motion in part, ruling that any evidence of DW Aina Le'a's failure to make payments to Plaintiff under a Purchase & Sale Agreement (PSA) is excluded if offered to establish damages for which the State is required to pay just compensation.

The court is now persuaded that the reference to "lawful" governmental action in *Omnia Commercial Co. v. United States*, 261 U.S. 502, 510 (1923), is not a basis for allowing such evidence in this case with respect to just compensation. In coming to that conclusion, the court relies on, among other cases, *Lingle v. Chevron U.S.A., Inc.*, 544 U.S. 528, 543 (2005) (stating that an "inquiry" into a "regulation's underlying validity" "is logically prior to and distinct from the question whether a regulation effects a taking"); *United States v. 50 Acres of Land*, 469 U.S. 24, 33 (1984) (stating without qualification that "the Fifth Amendment does not require any award for consequential damages arising from a condemnation"); *United States v. General Motors Corp.*, 323 U.S. 373, 379 (1945) (similar); and *Yuba Natural Resources, Inc. v. United States*, 904 F.2d 1577, 1581-82 (Fed. Cir. 1990) (similar). Notably, when the Supreme Court in *United States v. Bodcaw Co.*, 440 U.S. 202, 204 (1979), recognized the availability of attorney's fees incurred as a consequence of a federal condemnation action

ultimately dismissed as unauthorized, the Court described the availability of a fee award as "a matter of legislative grace rather than constitutional command."  *Bodcaw* illustrates that the unavailability of consequential damages as an element of the just compensation required by the Constitution does not change when the government's action is "unlawful" or "unauthorized."

In this case, no legislative provision has been advanced providing for the contractual damages allegedly suffered by Plaintiff.  As for recovery in the form of just compensation under the Takings Clause, because the PSA itself was not taken, but was only, allegedly, the subject matter of that contract, any amounts owed to Plaintiff under the PSA constitute nonrecoverable consequential damages.  *See, e.g.*, *Kaiser Dev. Co. v. City & Cty. of Honolulu*, 649 F. Supp. 926, 934 (D. Haw. 1986) ("In order for there to be a taking of the contract itself, the government must acquire the obligation or the right to enforce it. [If the] government ha[s] taken the *subject matter* of the contract . . . the plaintiff ha[s] merely suffered a *consequential* loss . . . ." (citing *Omnia Commercial Co.*, 261 U.S. at 510-11)).  Evidence of nonpayment by DW Aina Le'a to Plaintiff under the PSA is accordingly excluded with respect to establishing the amount, if any, of just compensation due to Plaintiff.

However, this ruling should not be read as excluding evidence of contractual terms, or nonpayment thereunder, to the extent such evidence is offered to prove that a taking occurred (i.e., to show takings "liability"). Thus, for example, if Plaintiff seeks to offer such evidence as going to the *Penn Central* factor concerning interference with investment-backed expectations, this ruling is not intended to prohibit that. *See Guggenheim v. City of Goleta*, 638 F.3d 1111, 1120 (9th Cir. 2010) (explaining that "investment-backed expectations" under the *Penn Central* analysis include expectations that are "probable enough materially to affect the price" paid for an asset).

Second, the court observes that, in a footnote, the State appears to be asking the court to revisit its ruling granting in part and denying in part State's Motion in Limine No. 1 to Exclude Argument and Evidence as to Alleged Due Process and Equal Protection Violations. ECF 304, PageID # 6,488 n.3. The State correctly notes that this court mistakenly identified *Sherman v. Town of Chester*, 752 F.3d 554 (2d Cir. 2014), as a Ninth Circuit case. The court here acknowledges that *Sherman* is a Second Circuit case. However, to the extent the State asks for more than a citation correction, the court denies the State's request. Any such request is an untimely reconsideration motion buried in a footnote in a memorandum that

4

was limited to a separate issue. It would be patently unfair to Plaintiff to grant such an untimely, improperly made, and footnoted request.

Moreover, this court continues to view evidence of the "character of the governmental action" under *Penn Central* as including evidence that Plaintiff was singled out or treated unusually. Although the Ninth Circuit has not expressly recognized this as clearly as the Second Circuit did in *Sherman*, this court does not read Ninth Circuit precedent as declaring that evidence of unfair or unusual government conduct is irrelevant to "character" analysis. *Guggenheim*, cited by the State, states that whether governmental action is tantamount to a physical invasion of property is a relevant part of "character" analysis, but nowhere states that this is the *only* relevant consideration. *See* 638 F.3d at 1121.

Several other Ninth Circuit cases are consistent with the Second Circuit's broader understanding of the "character" analysis and indicate that this analysis may relate to such matters as whether other property owners faced similar actions, whether regulatory actions were just and fair or out of character for the affected industry or profession, or whether an action singled out a particular person. *See MHC Fin. Ltd. P'ship v. City of San Rafael*, 714 F.3d 1118, 1128 (9th Cir. 2013); *McClung v. City of Sumner*, 548 F.3d 1219, 1227 (9th Cir.

5

2008), *abrogated on other grounds*, *Koontz v. St. Johns River Water Mgmt. Dist.*, 570 U.S, 595 (2013); *Wash. Legal Found. v. Legal Found. of Wash.*, 271 F.3d 835, 861 (9th Cir. 2001), *aff'd on other grounds sub nom. Brown v. Legal Found. of Wash.*, 538 U.S. 216 (2003); *Quarty v. United States*, 170 F.3d 961, 969 (9th Cir. 1999).

Third, this court has received Plaintiff's reconsideration motion with respect to the order excluding expert reports. ECF 306. This reconsideration motion is untimely, as the underlying order that Plaintiff seeks to have this court reconsider was an oral order issued on January 8, 2018. ECF 301. Any reconsideration motion was therefore due no later than January 22, 2018. The court nevertheless invites a response from the State, which may include argument as to untimeliness, no later than February 9, 2018. An optional reply may be filed by Plaintiff no later than February 13, 2018. The court will rule without a hearing.

Fourth, the court informs the parties that it now appears likely that trial in this case will proceed as scheduled on March 13, 2018.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, February 2, 2018.



/s/ Susan Oki Mollway

Susan Oki Mollway

United States District Judge

Bridge Aina Le'a, LLC v. Hawaii Land Use Comm'n et al., Civ. No. 11-00414 SOM-KJM; ORDER ADDRESSING EVIDENTIARY ISSUES AND SCHEDULING MATTERS.